## OFFICER v. COMBRE.

### No. 2095.

Court of Appeal of Louisiana.
First Circuit.

March 4, 1940.

Rehearing Denied April 10, 1940.

Writ of Error Refused May 27, 1940.

Robert R. Stone and Cline, Thompson, Lawes & Cavanaugh, all of Lake Charles, for appellants.

Elmer L. Stewart, of DeRidder, for appellee.

DORE, Judge.

Plaintiff, the holder and owner of a series of notes made and subscribed by defendant, secured by act of mortgage under the pact "de non alienando" and importing a confession of judgment, and bearing on a certain lot and building in Lake Charles, brought executory proceedings to pay and satisfy the sum of $2,319.45 with 8% interest thereon from May 10, 1935, until paid, and 10% on both principal and interest unpaid as attorney's fees, and seeking

442

to be paid out of the proceeds thereof the said amount of his claim in preference and priority over all other persons or creditors of defendant. The sale of the lot and building was held pursuant to the writ of seizure and sale issued, resulting in the sum of $1,750. Subsequent to the sale of the property by the sheriff, but prior to the distribution of the proceeds thereof, there were filed petitions of intervention and third opposition by (1) Mrs. Mary S. Hollier, (2) Robert R. Stone, and (3) The Louisiana Western Lumber Company, each claiming a lien and privilege on the proceeds in priority to the seizing creditor.

On trial of the oppositions, the lower court found that the mortgage creditor was entitled to be paid in preference and priority and granted judgment accordingly. All opponents have appealed.

The basis of the respective claims of the parties, on the proceeds of the sale, will appear from the following facts and pleadings as reflected by the record:

In the early part of 1931, Dr. Combre, defendant and owner of the house and lot sold, entered into a contract with Aurelia S. Hart, whereby Hart was to remodel and repair the house, furnishing all materials and labor therefor, for a stipulated amount. In other words, Hart was the general contractor for the entire job. This contract was not reduced to writing and consequently was not recorded in the mortgage records, nor did Hart furnish a bond, all as required by Act No. 298 of 1926. Hart, in conformity with her contract, obtained a permit from the City of Lake Charles, and immediately started to fulfill her contract.

In June, 1931, during the course of the work on the house, but prior to its completion, Dr. Combre applied for a loan from plaintiff. Plaintiff, having first obtained a certificate of mortgage from the Clerk of Court showing that the property was free of incumbrances, loaned to Dr. Combre the sum of $4,000, secured by mortgage on the property, which mortgage was immediately recorded. The proceeds of this loan were used to pay the contractor, the labor and materials on the contract.

In July, 1931, one month after the recording of the mortgage, Hart caused to be filed in the mortgage records of the Clerk of Court's office an affidavit setting out the cost of material, labor, etc., furnished and used pursuant to her contract, with the view of preserving a lien and privilege on the property.

■ In April, 1933, Hart obtained a judgment against Dr. Combre for the sum of $1,138.12, with interest and costs, with recognition of a builder's and materialman's lien and privilege on the house and lot, ordering the same enforced with Hart's right to be paid by preference and priority over all other creditors. Since plaintiff, the mortgagee, was not made a party to this proceeding, this judgment did not affect his rights of preference, if any, under the mortgage.

In May, 1932, being prior to the time that Hart secured the above described judgment, the Louisiana Western Lumber Company obtained a judgment against Hart for a sum in excess of $2,000. A few days after the rendition of the judgment in favor of Hart and against Dr. Combre, the lumber company obtained a writ of fieri facias, coupled with a writ of garnishment upon Dr. Combre, on its judgment, and the Hart judgment was seized. Dr. Combre made answer to the garnishment proceedings, admitting his indebtedness to Hart in the amount of the judgment rendered against him in favor of Hart. Hart intervened in the garnishment proceedings, and, upon trial thereof, there was judgment in favor of the Louisiana Western Lumber Company, dismissing the intervention of Hart, and sustaining and maintaining the seizure and garnishment against Dr. Combre for the full amount of the Hart judgment and ordering Dr. Combre to pay the same unto the said lumber company. Alias writs were subsequently obtained by the lumber company in its endeavor to enforce collection of the Hart judgment by the seizure of Dr. Combre's property, but to no avail, the seizures being released and the writs being returned unsatisfied on the request of the attorney for the seizing creditor.

After the Hart judgment against Combre had been seized and the garnishment process had been obtained, but before judgment sustaining and maintaining the seizure and garnishment had been rendered and signed, Hart assigned a half interest in the said judgment to Mrs. Hollier, one of the opponents herein; and at the same time, Stone, another opponent, filed, in the mortgage records, an affidavit claiming a privilege on the other half interest in the said judgment, as a fee as attorney for procuring the said judgment.

This is the situation which existed at the time the house and lot were sold by the sheriff under the foreclosure proceedings, supra.

It is the contention of Dr. Officer that his mortgage primes the Hart judgment against Combre, in that Hart did not have a lien and privilege on the property under Act No. 298 of 1926 for the reason that she had failed to have the said contract reduced to writing and recorded as provided by Section 1 and 2 of the said Act, she being a general contractor.

It is the contention of the three opponents that Hart, under the provisions of Section 12 of the said Act, had a lien and privilege on the lot and building which primed the mortgage of Dr. Officer in that the mortgage was recorded after the work was begun on the building. All three opponents depend upon the effect of the Hart judgment.

It is conceded that if Hart, as a general contractor, had a lien and privilege for the balance due her under her contract, under Act No. 298 of 1926, by the filing and recordation of the affidavit, after the recordation of the mortgage, but before the work was completed, then that such lien and privilege would prime the mortgage.

■ Act No. 298 of 1926 clearly contemplates that work on buildings shall be performed either by a general contractor who shall undertake to do or have done all the work and furnish all the labor and materials necessary, for a fixed price, or by the owner himself. In the event the work is done by a general contractor, the contractor becomes the debtor of all the laborers and furnishers of material, and the owner becomes the debtor of the contractor for the whole contract price.

■ It is clearly the purpose of Section 1 of the Act under discussion to give to the contractor, and anyone else who performs any work or furnishes materials in building a house, a lien and privilege upon the land and improvements for the amount due him, where there is a contract duly recorded as provided for in Section 2.

■ Section 2 clearly refers to those cases where a contractor contracts to do all the work and to furnish all the materials, and further provides that such contract shall be evidenced in writing and be recorded and that such recordation shall *preserve* the lien and privilege which are created by the act, in favor of every contractor, sub-contractor, architect, etc. The lien and privilege which are *preserved* by such recordation, in so far as a contractor is concerned, evidently refers to the lien granted under Section 1, as that is the only part of the Act that grants a lien to a contractor. Therefore, if the contract is not recorded, no lien in favor of the contractor is preserved.

■ Under Section 2, the only amount for which a lien in favor of a contractor could be preserved is the balance that the owner owes him under the contract and not the amount due the laborers and materialmen. When the owner requires a bond and records the contract, all for which he is liable is the amount due the contractor, and the contractor and surety are the sole debtors of the laborers and materialmen. This section also indicates a difference in the nature of the claim and the privilege accorded other claimants than that accorded to the contractor, in that the owner is granted the right to have the inscription of the contract and other liens recorded erased as to all claimants, except the contractor, if these claimants have not filed their claims within a certain time. But the inscription of the contract cannot be cancelled as to the contractor until an additional time within which the contractor may file his claim and preserve his privilege for the balance due. This is the only instance in which a contractor is given a lien and privilege under the Act.

■ In order that laborers and materialmen, etc., may not lose their claims, where the owner does the work and is primarily responsible, or where the contract is not recorded whenever the work is being done by a contractor, such laborers and materialmen are given the right to file claims in the mortgage records within a certain time, thereby securing a lien and privilege on the building and lot for the amount due them. Section 12 of the Act. This section clearly creates a lien and privilege in favor of those who furnish labor or material to the owner or to the contractor whose contract is not recorded and in no wise does it create any lien or privilege on behalf of the contractor for the balance due him under his contract.

■ In this case, the contract between Dr. Combre and Hart was not evidenced in writing and consequently was not recorded. We are therefore of the opinion that Hart failed to *preserve* her lien granted under Sections 1 and 2 and plaintiff's mortgage primes the intervenors as decided by the lower court.

Opponents rely upon the decisions in the cases of National Homestead Association v. Graham, 176 La. 1062, 147 So. 348, and

Cox et al. v. Rockhold, 14 La.App. 170, 128 So. 702, in substantiation of their position. These cases, however, involve a different situation from that in the case at bar. In the Homestead case, the owner had undertaken the work and had let out portions of the work to various other persons; the owner was the contractor himself. In the Cox case, the owner had the houses built; he was his own contractor and the person who did the plumbing for him was decreed to have a lien on the property.

There are other contentions amongst the opponents themselves, in which Dr. Officer is not concerned. As we have come to the conclusion that Dr. Officer's mortgage is entitled to the proceeds in preference to the opponents, and since such proceeds are not sufficient to discharge the mortgage claim, their contentions become moot, and it is therefore not necessary for us to pass upon them.

For the reasons assigned, the judgment below is affirmed, all at the costs of appellants.