JANVIER; Judge.
The relator, Mrs. Carrie Davis Henry,' is the owner of certain improved real estate in the Parish of Orleans, described as follows: A certain lot or portion of ground, together with all the buildings and improvements thereon, and all of the rights, waj^s, privilege, servitudes, and advantages thereunto belonging or in anywise appertaining, situated in the Fourth District of this city, in Square No. 438, bounded by Fourth, S. Pricur, S. Johnson Streets, and Washington Avenue, which said lot or portion of ground forms part of the original Lots designated by the Letters “S” and “T”, on a plan or sketch of C. Uncas Lewis, Deputy City Surveyor, dated September 20, 1915, and which said lot, according to a plan of Gilbert and Kelly, Surveyors, dated February 15th, 1940, is designated as Lot No. 24, and measures 28' 10" 6"' front on S. Johnson Street, the same in the rear, by a depth of 61' 8 6' , between equal and parallel lines. The improvements bear the Municipal No. 2708-10 S. Johnson Street.
The respondent, 8-Mile Post Plumbing Supplies, Inc., is a corporation engaged in the contracting business in this area.
On March 30, 1951, the relator, Mrs. Carrie Davis Henry, and the respondent corporation entered into a written contract under which, for a stipulated price of $1,-923.30, the contractor undertook to do certain remodeling for the relator and to procure a licensed master plumber to perform all labor in connection with certain plumbing to be installed in the premises. The contract, though reduced to writing and signed by the parties, has never been recorded in the office of the Recorder of Mortgages for the Parish of Orleans.
On May 3, 1951, the contracting corporation, through its president, executed an affidavit under which it claimed a lien and privilege in the sum of $1,923.30 on the property of relator described above, and caused this affidavit to be recorded in the office of the Recorder of Mortgages for the Parish of Orleans in Book 1783, folio 487.
Relator brought this mandamus proceeding against the Recorder of Mortgages for the Parish of Orleans and against the said 8-Mile Post Plumbing Supplies, Inc., seeking the cancellation of the inscription of the purported lien on the ground that the respondent corporation, being a general contractor, might obtain a lien only by recording the contract itself and could not obtain a lien by recording an affidavit such as that executed and recorded by the contracting corporation.
Respondent corporation filed exceptions of no right or cause of action, contending that mandamus is not available for the purpose of effecting the cancellation of such an inscription. Though the record does not show whether these exceptions were passed upon in the district court, it is obvious that they were overruled, for when the matter came up for trial on the merits the prayer of the relator was granted and the erasure of the inscription was *751 ordered. From this judgment respondent, 8-Mile Post Plumbing Supplies, Inc., has appealed.
Counsel for respondent argues that there is available to relator “relief by the ordinary means” and that consequently a writ of mandamus should not issue. Counsel points to Article 830 of our Code of Practice which provides that the writ of mandamus “should * * * be issued in all cases where the law has assigned no relief by the ordinary means, * * Counsel, however, overlooks Article 831 of the Code of Practice which provides that the writ of mandamus “may be issued at the discretion of the judge, even when a party has other means of relief, if the slowness of ordinary legal forms is likely to produce such a delay that * * * the administration of justice will suffer from it.”
Since the illegal or improper recordation of a lien will hamper the property owner in efforts to encumber or dispose of his property on which the lien is claimed, it follows that the administration of justice would suffer if the owner of property should be required in all such cases to await the outcome of litigation “by the ordinary means.” The Supreme Court recognized this in State ex rel. Code v. Code, 215 La. 485, 41 So.2d 62, 64, saying:
“Article 831 of the Code of Practice provides, in substance, that the judge may, in his discretion, issue a writ of mandamus, even when the complainant has other means of relief, ‘if the slowness of ordinary legal procedure would be likely to cause such delay as to hamper the administration of justice.’ :jc ‡ % »
In that case the Supreme Court cited with approval State ex rel. Macheca v. Dunn, 148 La. 460, 87 So. 236, in which .appears the following:
“It is well settled that mandamus is the proper remedy for compelling the recorder to cancel an illegal or unauthorized inscription purporting to operate as a mortgage. Savage v. Holmes, 15 La.Ann. 334; State ex rel. Deblieux v. Recorder, 25 La.Ann. 61; Lanaux v. Recorder of Mortgages, 36 La.Ann. 974; State ex rel. Busha’s Heirs v. Register, 113 La. (93), 98, 36 So. 900.”
We have no doubt at all that mandamus affords the proper remedy in such a situation, and that accordingly the exceptions based on the theory that mandamus is not available in such cases should be overruled.
The real issue is presented by the contention that the respondent is a general contractor and that, as such, it could obtain a lien only by the recordation of the contract itself and could not obtain such lien by the recordation of a so-called lien affidavit.
It is quite true that, as has several times been said by our Supreme Court, when our lien law, Act 298 of 1926, section 4801 et seq., LSA-R.S. 9, are read section by section, “there would appear to be an hiatus therein, leading, in our opinion, to absurd consequences.” Glassell, Taylor & Robinson v. John W. Harris Associates, 209 La. 957, 26 So.2d 1, 5. However, as the Court pointed out in the Glassell case, when the act is read as a whole and all of the sections are correlated, “the act is more comprehensive and is capable of a construction clearly within the intendment of the lawmakers that leads to no absurd consequences, without violence being done to the rule of interpretation that acts in derogation. of common rights must be strictly construed.”
As the Supreme Court pointed out in the Glassell case, if section 4801 of Title 9 of our LSA-Revised Statutes is read without reference to the other sections, it might seem that the contractor, the subcontractor, the architect, the laborer, the furnisher of material and all others who assist in any way in the carrying out of the contract are placed in the same category, and each is permitted in any instance to preserve his lien by the mere recordation of a lien affidavit in the office' of the Recorder of Mortgages. But it must be noted that under this section it is required that the lien, whether it be claimed by the contractor or the subcontractor, or a laborer, or a furnisher of supplies, or by anyone *752 else, must be evidenced “as herein provided”. It must be further noted that the provisions which must be complied with, if a lien is to be, retained, are not set forth in that section. It therefore follows necessarily, as has already been said, that the other sections must be resorted to to determine what is meant by the words, “as herein provided”. And when we turn to the other sections we see that there are provided two different methods for the recordation of a lien — one in section 4812, by the mere recordation of a lien affidavit, and one in section 4802, by the recording of the written contract within the time required by that section.
A reference to section 4812 shows that when no contract has been recorded “any person furnishing service or material or performing any labor on the said building or other work may record * * * a copy of his estimate or an affidavit of his claim or any other writing evidencing same * *
Section 4802 is the section which requires the recordation of the written .contract, and it is under this section that the contractor retains his lien by the 'rec-ordation of that contract as required in that particular section. If there were any doubt on this question, that doubt has been dispelled by the Supreme Court in its decision in the Glassell case. There the Court discussed at length the various provisions, and particularly discussed an earlier decision of the Court of Appeal for the First Circuit, Officer v. Combre, La.App., 194 So. 441.
In that case, the owner of a house entered into a contract under which the contractor was to remodel the house. The contract was not reduced to writing and was no.t recorded. Before the work was completed the owner mortgaged the house and this mortgage was duly recorded.. After the recordation of the mortgage the contractor recorded a lien affidavit, and the question then arose as to whether' the contractor’s claim primed the mortgage. The Court held that section 2 of the statute, now LSA-Revised Statutes 9:4802, required that a general contractor, who wished to preserve his lien must record his written contract as required by that section, and that if he did not record his contract as so required, he could not, by the mere filing of a lien affidavit, secure his lien. The Supreme Court refused to grant a writ of certiorari, thereby evidencing its approval of the result reached by the Court of Appeal.
As we have already said, the Supreme Court, in the Glassell case, referred to the case of Officer v. Combre, saying:
“The fact that we refused to review the judgment of the Court of Appeal for the First Circuit in the case of Officer v. Combre, La.App., 194 So. 441, relied on by the trial judge and wherein this act was differently construed, declaring ‘Writ refused — the judgment is correct,’ did not mean that we thereby intended or that we did in fact approve the reasons given for such judgment or that they were correct.”
It is true that the above statement throws doubt on the Supreme Court’s approval of the reasons given by the Court of Appeal, but there is no doubt of its approval of the result reached, for the Court further said:
“ * * * By saying that the judgment was correct we simply meant that the conclusion arrived at and the decree of the court were correct under the particular facts of thát case. In that case a general contractor had entertained the work without reducing the contract to writing and it recorded a lien for the balance due and sought to have it enforced in preference to a mortgage executed to secure a loan made during the course of the work for the purpose of securing sufficient funds to pay the contractor, laborers, and the materials used in the work. Obviously under the provisions of the act, as just pointed out, a general contractor was not entitled to a lien and privilege under Section '12 and the contractor in that case otherwise failed to protect herself .under the other provisions of the act.”
*753 We construe this as a clear holding that the contractor, if he would preserve his lien, must see to it that his contract is in writing and that it is recorded in the mortgage office in accordance with LSA-R.S. 9:4802, and — to repeat the language of the Court, “a general contractor was not entitled to a lien and privilege under Section 12” (now 4812).
Since it is under section 4812 that the contractor in the instant case seeks to preserve his lien, it necessarily results from the holding in the Glassell case that he has not been successful in his attempt to preserve it, and it must be erased from the mortgage records.
Consequently, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.