CHASEZ, Judge.
Plaintiff, Picou’s Builders Supply Company, Inc., sued to recover a balance of $3,246.10, allegedly due on a verbal contract to build a house for defendant. Mrs. Rosa Picou, and for recognition of a claimed lien against the house and lot.
Defendant answered, denying that plaintiff had properly performed the contract, and reconvened, claiming $5,410.00 as the amount necessary to remedy defects in the house.
From a judgment dismissing the main demand and awarding defendant $2,120.88 on her reconventional demand, plaintiff appeals.
There is no dispute as to the legal principles involved. Plaintiff concedes that some of the defects of the house are attributable to poor workmanship on his part and that he is responsible for the cost of remedying those aspects. But he argues that some, major defects are the result of the house having been vacant since its construction, owing to defendant’s refusal to-accept or occupy it. The dispute is thus-over how much repair is necessary because-of plaintiff’s nonperformance of his contract and what the cost of repair should be.
The record is replete with recitals of faulty workmanship, to detail which, in this-opinion, would serve no useful purpose. An architect summarized his testimony by-declaring “Without a doubt it was one of the most poorly put-together residences that I had ever had the opportunity to see.”' Plaintiff’s argument that much of the disintegration was due to the house being unoccupied was simply not supported by the-evidence.
On the cost of the repairs, defendant produced two contractors who itemized total! repairs at $5,410.00 and $5,400.00, which figures did not include the repair of some-defects which had appeared since the estimates were calculated. Plaintiff’s estimates did not include all defects, or placing-the whole house in first-class condition;, only a few specified items, totalling about. $1,200.00 were covered.
The District Judge used the figure-$5,410.00 in his calculations as the amount required to repair the defects in construction and in his reasons for judgment states::
‡ i{í ‡ # *
“The evidence herein is overwhelming and the Court so finds that :
“L Picou Builders did not complete-its contract with defendant and plaintiff in reconvention.
“2. Picou Builders built this house-in such a way as to reflect many items of defective workmanship- and in addition used some defective materials.
“3. That defendant in reconvention is legally obligated to pay to-plaintiff in reconvention the sum necessary to finish and correct this proposed residence in a. suitable and workmanlike con *349 dition and with satisfactory materials less any extras performed by Picou Builders proven to the satisfaction of the Court.
“In connection with the Court’s finding number three hereinabove, this Court finds that it will take $5,410.00 to finish and correct this house. However, from this amount should be deducted the sum of $3,246.10 which represents the balance due by the owner to the contractor on the original contract, leaving a sub-total of $2,163.90. In addition however, by stipulation in the record it will be noted that Mrs. Picou paid the sum of $206.98 for certain items legally attributed to the account of the contractor and for which she should be reimbursed and accordingly the sum of $206.98 should be added to the previous sub-total making a new sub-total of $2,370.88. Now the last item under consideration is the amount to be deducted herein for any extras performed by Picou Builders and authorized by the defendant, Mrs. Picou. The Court finds in this respect that the contractor performed the following extras which were agreed to by the owner:
$112.00-rock wool in wall
$ 12.00-change four doors to larger doors
$ 30.00-add disappearing stairway
$ 96.00-add 4' x 12' carport and utility room
$250.00----TOTAL EXTRAS
and accordingly the sum of $250.00 should be deducted from the previous sub-total leaving a final balance of $2,-120.88 due and owing to the plaintiff in reconvention.”
The evidence in the record amply supports the conclusion reached by the District Judge.
The District Court judgment also declared “null, void, and of effect” the inscription and reinscription of plaintiff’s claimed building lien, and authorized their cancellation from the mortgage records. There has been no argument as to the correctness of this ruling, and of course since defendant owes no obligation to plaintiff, defendant’s property cannot be burdened with a lien to secure a non-existent obligation. But we believe we should further note that, since the contract was not written and recorded as required by LSA-R.S. 9:4802, plaintiff, as the general contractor, has failed to preserve the lien which LSA-R.S. 9:4801 accords the general contractor and therefore would in no case have been entitled to recognition of the lien claimed in his inscription and reinscription; Officer v. Combre, 194 So. 441 (La.App.1940).
There being no error in the judgment appealed from, it is affirmed at plaintiff’s cost.
Affirmed.