430 So.2d 1047 (1983)
Robert O. KLEIN
v.
RECORDER OF MORTGAGES FOR the PARISH OF ORLEANS.
No. 13142.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1983.
Rehearing Denied May 24, 1983.
*1048 Tucker & Schonekas, Gibson Tucker, Jr., New Orleans, for plaintiff-appellant.
Charles E. Cabibi, New Orleans, for defendants-appellees.
Before BARRY, KLEES, BYRNES, CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
The trial court in this case maintained an exception of lis pendens and overruled exceptions of no right of action and no cause of action. Plaintiff appeals the maintaining of the exception of lis pendens. Appellees answered the appeal and reurged the exceptions of no right of action and no cause of action. We reverse, finding that the exception of lis pendens should have been overruled. Further, we agree with the trial court and overrule the exceptions of no right of action and no cause of action.
*1049 Robert Klein, plaintiff-appellant, was separated from Jeanne Klein in January, 1979. Subsequently, Mr. and Mrs. Klein executed a community property settlement. Some time later Mrs. Klein became dissatisfied with the distribution of the community assets and employed the McCanns, appellees, as her attorneys, on a contingency fee basis, to annul the settlement.
During the pendency of the proceedings they initiated on Mrs. Klein's behalf, the McCanns began to suspect that Mr. and Mrs. Klein were conspiring to avoid payment of the fee due them under their contract with Mrs. Klein. In August of 1980 the McCanns filed an intervention in those proceedings-asserting their right to attorneys' fees.
In October of 1980 the McCanns learned that Mr. Klein intended to sell certain property on Jackson Avenue in New Orleans which had belonged to the community formerly existing between the Kleins. In response they filed an affidavit asserting a lien and privilege against the property to secure their fee, pursuant to La.R.S. 37:218 and 9:5001. To further protect their interest the McCanns supplemented their petition of intervention by causing a writ of sequestration to issue, ordering the seizure of funds derived from the proposed sale.
In November, 1980, Mrs. Klein ratified the community property settlement she had employed the McCanns to annul. Later that month the Kleins sold the Jackson Avenue property although the attorneys' fee lien remained of record in the mortgage office. In December, 1980, Mrs. Klein on her own motion, in proper person, dismissed with prejudice, the suit which the McCanns had filed on her behalf.
Several months after the sale Mr. Klein filed a mandamus suit to have the inscription removed. In response, the McCanns filed peremptory exceptions of no cause of action and no right of action and the declinatory exception of lis pendens. The trial court overruled the exceptions of no cause of action and no right of action but maintained the exception of lis pendens.
Appellant frames the issue on appeal as follows: "Where none of the requisites of identity prescribed by C.C.P. Art. 531 are met by a pending proceeding when compared to the suit at bar, can the exception of lis pendens be maintained simply because the suits arise from the same set of facts?" We answer this question in the negative. The exception of lis pendens should be granted only where there are two or more suits pending on the same cause of action between the same parties, in the same capacity, and have the same object. La.C.C.P. Art. 531. Where the mandatory identity of elements required by La.C.C.P. Art. 531 is not present the exception of lis pendens should not be granted. See: Mitchell v. Bertolla, 340 So.2d 287 (La. 1976); Kaplan v. University Lake Corporation, 394 So.2d 782 (La.App. 4th Cir. 1981); Martin Exploration Company v. Joli Services, Inc., 360 So.2d 902 (La.App. 4th Cir. 1978).
Mr. Klein's mandamus action did not involve the same parties nor the same cause of action as the McCanns' intervention. (The McCanns' intervention was not affected by Mrs. Klein's dismissal of themain demand.) See: La.C.C.P. art. 1039; Gradney v. Southern Farm Bureau Casualty Insurance Co., 375 So.2d 212 (La.App. 3d Cir.1979); Billedeaux v. Adams, 355 So.2d 1345 (La.App. 3d Cir.1978). Mr. Klein's suit was based on La.C.C.P. Arts. 3861 through 3866 and sought removal of a lien inscription. The McCanns' action was based on their contract of employment with Mrs. Klein and sought a money judgment. The parties to Mr. Klein's suit were Mr. Klein, the Recorder of Mortgages and the McCanns. The parties to the McCanns' action were Mrs. Klein and the McCanns. Because the identity of elements required by La.C.C.P. art. 531 is not present in this case the exception of lis pendens should have been denied.
The McCanns answered the appeal and reurged the exceptions of no cause of action and no right of action. See: La.C. C.P. art 2163. An exception of no cause of action raises the issue of whether the law *1050 grants a remedy to anyone for the particular harm alleged by plaintiff. This exception is triable on the face of the petition. All the allegations of the plaintiff's petition are accepted as true and no evidence is admissible to support or defeat the exception. The exception of no right of action raises questions of whether a remedy afforded by law can be invoked by a particular plaintiff.
Mandamus is the proper procedural device to compel the removal or cancellation of an illegal or unauthorized inscription against property. Commercial Farms, Inc. v. McCain, 278 So.2d 513 (La.App. 3d Cir. 1973); Realsco v. Green Acres Civic Association, 169 So.2d 570 (La.App. 4th Cir.1964); State ex rel Henry v. 8 Mile Post Plumbing Supplies, Inc. et al., 63 So.2d 749 (La.App. Orleans 1953); State ex rel Machecca v. Dunn, 148 La. 460, 87 So. 236 (La.1921). Plaintiff's petition states a cause of action.
La.C.C.P. Art. 681 requires that for a party to bring an action, he must have a "real and actual interest which he asserts." The articles in the Code of Civil Procedure are to be liberally construed, and with due regard that rules of procedure implement the substantive law and are not an end in themselves. La.C.C.P. art. 5051. The determinative issue is whether Mr. Klein has a "real and actual interest" in bringing this suit.
Appellees argue that only the new purchaser, i.e., the present owner, of the Jackson Avenue property has a right to bring this action. Appellees contend that Mr. Klein lost any right he may have had to cancel and erase the inscription when he sold the property. Appellees cite no authorities in support of their argument and we have found none.
State ex rel Henry v. 8 Mile Post Plumbing Supplies, Inc. et al., 63 So.2d 749 (La. App. Orleans 1953), states that the property owner may use summary proceedings to remove an illegal inscription. The case spoke of the "owner" simply because the "owner" was the party before the court. Neither the language of that case nor any other case we have found specifically limits the right of relief to the property owner.
In Ritsch Alluvial Land Co. v. Adema, 30 So.2d 753 (La.1947), an exception of no right of action was maintained to defeat a suit by a prior owner who sought to annul a tax sale. The court held that this vendor had no interest in this cause of action as he had sold the property by quitclaim, without warranty. The plaintiff, thus, had no real interest remaining after the sale of the property.
Unlike the plaintiff in Ritsch Alluvial Land Co. v. Adema, supra, Mr. Klein sold his property with all legal warranties of title and subject to his obligation to cause the cancellation and removal of the inscription. Appellees' counsel confirmed in oral argument a fact supported by the record, that the money which would have been received from the sale has been placed in escrow. Pending a judicial determination of the legality of the inscription, Mr. Klein is being deprived of this money. Further, the lien was recognized as a general mortgage in the judgment below and casts a cloud upon the title of all property owned by Mr. Klein. Mr. Klein has a real or actual interest in this proceeding, and in fact, he has an obligation to prosecute it. Mr. Klein has a right of action.
For the reasons stated above the exception of lis pendens should have been overruled. Accordingly, the judgment of the trial court maintaining the exception of lis pendens and dismissing plaintiff's mandamus petition is reversed. The trial court correctly overruled the exceptions of no cause of action and no right of action, and that action of the trial court is affirmed. The petition for mandamus is remanded for trial.
Costs of this appeal are assessed against appellees, the McCanns. Assessment of costs in the trial court must await a final judgment there.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
BYRNES, J., dissents.
BARRY, J., dissents for the reasons assigned by BYRNES, J.
*1051 BYRNES, Judge, dissenting.
I respectfully dissent.
In my opinion the use of the extraordinary remedy of mandamus to remove a mortgage inscription should be reserved to the owner of the property. The primary reason an owner is allowed to use this remedy is that his ability to alienate or encumber his property would be unfairly hampered if he had to await the outcome of ordinary proceedings to clear the title to his property. See State ex rel Henry v. 8 Mile Post Plumbing Supplies, 63 So.2d 749 (La.App. Orleans 1953).
This policy consideration does not apply to Mr. Klein who is no longer deprived of the full exercise of his rights over the subject property, having sold those rights to another. Because the funds generated by the sale are being held in escrow and because the sale of the property was with warranty I do not question Mr. Klein's right to challenge the inscription by ordinary proceedings. However, I feel that any interest Mr. Klein may still have in the property is not sufficient to give him a right to mandamus.
BARRY, J., dissents for the reasons assigned by BYRNES, J.