DOUCET, Judge.
In October of 1984, appellant, Jessie J. LeBlanc, was involved in an automobile accident in St. Martin Parish, Louisiana. As a result of the accident, appellant sustained major injuries and filed suit against the tortfeasor and his liability insurance carrier. Also named as a defendant was appellant’s uninsured motorist carrier.
At the time of the accident, appellant and Mary Jane Olivier were married and living together. Marital problems between appellant and his wife began to develop after the accident and institution of the aforementioned personal injury suit. On September 6, 1985, the wife filed a suit for separation. Thereafter, on September 20, 1985, the wife intervened in the personal injury action seeking damages in the amount of Five Hundred Thousand ($500,000.00) Dollars. In both the intervention and domestic actions, appellant’s wife was represented by W. Glenn Soileau.
On January 20, 1986, the morning of the trial of the personal injury action, a settlement accord was reached among the various parties, including Soileau and his client. Of the total settlement received by appellant, Six Hundred and Forty-Six Thousand, Four Hundred Forty-Eight and 41/100 ($646,448.41) Dollars was designated as appellant’s separate property. One Hundred Three Thousand, Five Hundred Fifty-One and 59/100 ($103,551.59) Dollars was designated as community property and therefore subjected to the temporary restraining orders issued as an incident to the aforementioned separation proceedings. Appellant’s wife received Twenty Thousand and No/100 ($20,000.00) Dollars and this amount was designated as her separate property.
Subsequent to the settlement, the wife dismissed the services of Soileau as to the separation proceedings and another attorney was recognized as her counsel of record. Thereafter, on August 21, 1986, appellant and his wife obtained a judgment of separation.
On September 2, 1986, appellant filed a petition for a divorce and community property partition. The parties obtained a judgment of divorce on March 12, 1987. On that same date, the community property *809 settlement agreement was executed by the parties.
On March 12, 1987, Soileau filed in the mortgage records of St. Martin Parish, Louisiana, the contingency fee contract, which he and appellant’s wife had entered into when she retained his services for the intervention in the personal injury action.
Upon attempting to engage in various property transactions, appellant discovered that the contract filed by Soileau acted as a lien against the property received by him in the community property settlement. Appellant then instituted mandamus proceedings seeking the cancellation from the mortgage records of St. Martin Parish, Louisiana, the inscription of the contract in question to the extent that it constitutes a lien or privilege against the assets acquired by him in the community property settlement with his ex-wife.
A hearing on appellant’s petition for the writ of mandamus was held and appellant’s application for the writ was denied. The present appeal ensued.
In appellant’s first assignment of error, he urges that “The trial court was in error in permitting appellee, a discharged attorney, to assert lien rights under La.R.S. 37:218 in a proceeding different from that to which his written contract with the client pertains.” We agree.
On September 19, 1985, Jean LeBlanc hired Soileau to represent her for damages she sustained as a result of her husband’s October 19, 1984 accident. Ms. LeBlanc agreed to pay him one-third (½) “of any settlement, verdict or recovery obtained in said action and in addition thereto receive all costs and disbursements, made as a result of or on client’s behalf.” After this contract was entered into, the petition for intervention was filed seeking recovery of damages for loss of love and affection, loss of wages and future income, loss of consortium, mental pain and anguish and pain and suffering. On January 20, 1986, the personal injury action was settled and a judgment of dismissal entered of record thereafter at a time when Soileau was representing appellant’s wife. Soileau signed the judgment of dismissal and was present on behalf of his client when the settlement accord was entered of record. Approximately fifteen (15) months later, Soileau filed the aforementioned contract seeking recognition of the “lien rights” established thereunder.
As authority for the proposition that Soi-leau has lien rights, he cites La.R.S. 37:218. That statute provides:
“By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the Clerk of Court in the parish in which the suit is pending or is to be brought with the Clerk of Court in the parish of the client’s domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been made.”
Soileau seems to be urging that the One Hundred Three Thousand, Five Hundred Fifty-One and 59/100 ($103,551.59) Dollars recognized as community property in the personal injury action should be subject to lien rights in his favor because the funds were disbursed in a separate community property action without his consent. However, we feel that Soileau’s interpretation is misplaced and overly broad. Soileau is attempting to assert lien rights in this action which is clearly beyond the environs of the contingency fee contract upon which he bases his privilege. The aforementioned statute in pertinent part states: “any settlement, compromise, discontinuance, or other disposition made of the suit or claim *810 by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been made.” It is logical to assume that the “suit or claim” referred to in the statute refers to and applies to the action for which the contract was confected, and not a separate and distinct action as Soi-leau claims. Thus, we find that Soileau is attempting to extend the protective mechanisms of La.R.S. 37:218 beyond its express language. As such, we find that the district court was in error in permitting appel-lee, a discharged attorney, to assert lien rights under La.R.S. 37:218 in a proceeding different from that to which his written contract with the client pertains.
Having found that the district court was in error in permitting appellee to assert lien rights under La.R.S. 37:218 in a proceeding different from that to which his written contract with the client pertains, a discussion and analysis of appellees’ second assignment of error is unnecessary.
Mandamus is the proper procedure device to compel the removal or cancellation of an illegal or unauthorized inscription against property. Klein v. Recorder of Mortgages for Orleans Parish, 430 So.2d 1047 (La.App. 4th Cir.1983). In light of the foregoing, we find that the district court erred when appellant’s application for writ was denied.
Accordingly, for the reasons assigned, the judgment of the district court denying appellant’s application for writ of mandamus is reversed. The Clerk of Court of St. Martin Parish, La. is hereby directed to cancel the inscription of the contract in question to the extent that it constitutes a lien or privilege against the assets acquired by him in the community property settlement with his ex-wife. All costs are assessed to defendant-appellee, W. Glenn Soi-leau.
REVERSED.