SELINA F. SAVAGE *v.* JOHN HOLMES, Recorder of Mortgages, et als.

On an application for a *mandamus* to compel the Recorder of Mortgages to erase an inscription, all that is required is, that the parties in interest should have notice of the application, in order that their rights, where they have such, may be protected.

A *mandamus* is the proper remedy to compel a ministerial officer to perform a purely ministerial Act

In an action for a *mandamus*—*Held:* That the order to show cause, on a certain day fixed by the court, the summary hearing of the grounds of objection and evidence, and the judgment decreeing a peremptory *mandamus* to issue, are in conformity to Articles 841, 842, 843 of the Code of Practice.

APPEAL from the 5th District Court of New Orleans, *Eggleston, J.*
*T. Gilmore,* for plaintiff. *Durant & Hornor, George S. Lacey* and *T. Drout,* for defendants and appellants.

BUCHANAN, J. On the 29th of January, 1859, the plaintiff entered into a written contract, before *H. B. Cenas,* Notary Public, with one *Joseph Morehouse,* a builder, for the erection of a double two-story dwelling house on two lots of ground, on Palmyra Street, in this city. The price was payable in six several instalments as the work progressed, viz :

1. When the foundation was laid, $500 ; 2. When the building was raised, $500 ; 3. When the weatherboarding and slating was done, $1000 ; 4. When the floors were laid, $300 ; 5. When the plastering was finished, $400 ; 6. When the building was completed and possession delivered, $2000.

The building to be completed and possession delivered on or before the 30th day of April, 1859.

After the work had progressed as far as the slating and weather-boarding, and after the contractor had received the three first payments, amounting in all to

$2000, the last of the 24th of March, 1859, he abandoned the work, alleging his      SAVAGE
inability, for want of means to complete it.                                             v.
                                                                                     HOLMES.

The plaintiff thereupon put *Morehouse* in default, by a formal demand to complete the work he had undertaken, or that she would employ others to complete it at his expense.

*Morehouse* replied to this demand, but persisted in his abandonment of the work, and shortly afterwards left the State, to which he has not since returned.

The plaintiff was, consequently, obliged to employ other contractors, which she did after the lapse of nearly a month—after the time had expired within which *Morehouse* had bound himself to deliver the building, and after she had invited a number of estimates from other builders.

The cost of completion absorbed the amount in the hands of the proprietor, and required an additional outlay of $711 16.

Being without cash means to pay off the additional liability thus incurred, the plaintiff applied to the Recorder of Mortgages to cancel and erase the inscription of the building contract, to enable her to effect a loan by mortgage of the property. This the Recorder having refused to do, the plaintiff filed the present application, in which she prays that the court, after due notice to those having an interest, real or pretended, may order the defendant, the Recorder of Mortgages, to cancel the inscription.

Full proof of all these facts having been laid before the court, a judgment was rendered in conformity with the prayer of the petition, ordering the erasure of the inscription.

This judgment has been acquiesced in by the Recorder of Mortgages, by *Morehouse*, and by all the parties, except the appellants, who seek its reversal upon the grounds stated in the assignment of error on file.

1. They were not brought into court by petition and citation.

2. That the case was taken up for trial, and finally decided, at a time when, by law, no definitive judgment could be rendered by the District Court.

3. That the District Court proceeded to overrule their exceptions, and decide the case on its merits, in the absence of judgment by default, or of an answer to the merits.

I. As to the first ground. The Article 3342 of the Civil Code provides for the erasure of a mortgage which has been satisfied, and where the mortgagee has absented himself, by a proceeding at the instance of the mortgagor.

Numerous cases in this court, as well as the daily practice of the District Courts, might be referred to in support of the summary remedy by rule or *mandamus*, to compel the Recorder of Mortgages to erase inscriptions. All that the courts require in such cases is, that the parties in interest should have *notice* of the application, in order that their rights, where they have rights, may be protected.

The plaintiff, by her petition, asks for nothing but the erasure of the inscription of the contract. Her remedy is against the Recorder of Mortgages, to compel that officer to perform a purely ministerial duty. True, she gives notice of the application to all those who have, or pretend to have, an adverse interest, but she makes no demand of them, and asks for no judgment against them.

*Mandamus* is the proper remedy to compel a ministerial officer to perform a purely ministerial act. C. P., Art. 834, 6 Rob. 299, 8 Rob. 97, 6 An. 68.

The form of proceeding in the present case—the order to show cause, on a certain day fixed by the court,—the summary hearing of the grounds of objection

and evidence, and the judgment decreeing a peremptory *mandamus* to issue,—are in conformity to Articles 841, 842 and 843 of the Code of Practice.

II. The second ground of error assigned does not appear to have been urged in the court below. It cannot, therefore, be considered by us.

III. The third ground of error assigned confounds the summary proceeding by *mandamus* with an ordinary action. On the return day of the writ, the exceptions and defences of law urged by the appellants were heard and disposed of, evidence introduced by both parties upon the facts, and a final judgment rendered. The appellants made no application for a continuance, to procure further evidence, or to rebut that of the relator.

On the merits, the judgment of the court below appears to be justified by the evidence.

The relator was not indebted to *Morehouse* when she was served with the attested account of appellants, nor has she become indebted to him, in any amount, since; neither did she make him any payment by anticipation of the terms expressed in the contract. The appellants, therefore, should hold under and not beyond *Morehouse*. *Hale* v. *Wills*, 3 An. 505.

Judgment affirmed, with costs.

LAND, J., absent.