On or about March 12, 1941, Arthur C. Gayle signed and caused to be registered in the conveyance records of DeSoto Parish, an affidavit from which we quote the essential parts, to-wit:
"`State of Louisiana, "`Parish of Caddo.
"`Before me, the undersigned authority, personally came and appeared Arthur C. Gayle, a resident of Caddo Parish, Louisiana, who being duly sworn, deposes and says:
"`That on February 10, 1941 he entered into a verbal contract with one A.M. Thigpen, a resident of the Parish of DeSoto, whereby the said A.M. Thigpen contracted and agreed to sell to the said Arthur C. Gayle, or to such persons as the said Arthur C. Gayle might name, all of the pine timber 10 inches and over, standing, lying and being on all the lands belonging to the said A.M. Thigpen in the Parish of DeSoto, excepting 160 acres located near the town of Mansfield; the land herein named being more especially described as follows:
* * * * * * * * * * * * * * *
"`The price agreed upon was the sum of Twenty Thousand ($20,000.00) Dollars cash, and the buyer was to be given 2 1/2 years within which to remove said timber, with right of ingress and egress for said removal. The said Arthur C. Gayle was to have right of ingress and egress for the examination, crusing and estimating said timber.
"`The said Arthur C. Gayle was given sixty (60) days from February 10, 1941 within which to purchase the said property, himself or through some other person, and said A.M. Thigpen agreed to furnish an abstract down to date and give good, valid and unencumbered title to said timber, without undue delay and to grant time within which to have the same examined.
"`Arthur C. Gayle,
"`Sworn to and subscribed before me this March 12th, 1941.
"`C.B. Prothro, Notary Public.'" *Page 317 
Nothing materialized from the option agreement described in this affidavit and on July 25, 1941, relator by warranty deed, sold to the Frost Industries, Inc., the pine timber described in the affidavit. He expressly obligated himself by suit or otherwise to effect cancellation from the records the inscription of said affidavit in order to clear the title to the timber sold.
On August 7, 1941, relator instituted this suit, a mandamus proceeding, against Gayle and W.W. Fincher, Clerk of Court and ex officio Recorder of DeSoto Parish, wherein he alleges that the recordation of the affidavit beclouds the title to said timber and that he desires and is entitled to have the same erased and canceled. An alternative writ of mandamus issued. The Clerk of Court made no appearance nor filed plea or answer. Hereinafter reference to respondent means Mr. Gayle. He excepted to the petition on the ground that it failed to disclose a cause or a right of action, and to the character of the suit on the theory that the relief sought may not be made the basis of a summary action but by ordinary process. He also filed a plea of prematurity. This plea is based upon the fact that relator has not been sued nor in any other manner been called upon to defend the warranty covenant between himself and the purchaser of the timber. All exceptions were overruled. Reserving the benefits thereof, respondent answered. The execution and registry of the affidavit is admitted but it is denied that relator is entitled to have the same canceled through the agency of mandamus. He attached to his answer and propounded to relator interrogatories on facts and articles. The minutes disclose that relator objected to answering the interrogatories for the reason that "it is an attempt to prove title to realty by oral contract in a summary proceeding", which objection was sustained.
Relator moved for judgment on the face of the proceeding, but was overruled.
After trial on the merits, there was judgment for relator as prayed for by him. Following the overruling of a motion for a new trial, respondent appealed.
It is apropos to here note that respondent does not claim nor assert any right whatever under the oral option described in his affidavit. He does not allege nor does he intimate that he was ever in a position to carry out his part of that contract nor that relator failed to live up to his obligations thereunder. The period of sixty days in which to consummate the sale lapsed long before the timber was actually sold. This option agreement, if it ever existed, has entirely ceased to exist and, so far as this record discloses, has left no trail nor evidence suggestive of any right having flowed therefrom. Therefore, we are unable to perceive wherein respondent has any standing to challenge the form of action nor the propriety of the suit designed to effect its effacement from the records. We hold that he has no such standing. The Clerk of Court offers no objection to the form of proceeding nor to the granting of the relief sought. He should have declined to file and register the affidavit. It was simply an ex parte declaration of the affiant, doubtless made and recorded to harass relator or put him to unnecessary trouble and annoyance or prevent a sale of the timber. Recorders should always act with care and due precaution when such instruments are offered for registry and not receive them for that purpose except in cases clearly within the law. To do otherwise, although in good faith, unnecessarily casts a cloud upon the title of the property involved, forces the owner or other person with interest to engage counsel at some expense and to undergo the trouble and annoyance of a suit to procure relief from the effect of official acts which should never have been performed.
In a case of this character the recorder only is a necessary party respondent. The writ is primarily directed to him in his official capacity and the duty sought of him is purely ministerial.
In view of respondent Gayle's lack of interest in the subject matter of this suit, a fact clearly disclosed from his answer, and the position of the recorder being as above stated, the motion for judgment on the face of the pleadings should have been sustained; but since there was trial on the merits with the same result as would have been attained if the motion had been sustained, the logical course now to adopt is to affirm the judgment appealed from and it is so ordered. Respondent Gayle is cast for all costs.
HAMITER and DREW, JJ., concur. *Page 318