41 So.2d 62

**STATE ex rel. CODE v. CODE.**

No. 38838.

April 25, 1949.

Rehearing Denied May 31, 1949.

Edward J. McShane, Claude J. DeBaron-celli, Arthur C. Reuter, New Orleans, for appellant.

Joseph M. Bowab, New Orleans, Waverly A. Henning, Gretna, for appellee.

MOISE, Justice.

This is a mandamus proceeding to compel the Clerk of Court and Ex-officio Recorder of Mortgages and Registrar of Conveyances for the Parish of Jefferson, to cancel the inscription of a $4,000 homestead exemption, recorded at the instance of Harry E. Code, the respondent, the day before certain real property owned by him was seized by his ex-wife, the relatrix, under a writ of fieri facias, to satisfy judgments in the sum of $2,065, representing past due alimony for the support of herself and their minor child. The property was adjudicated to a third person for the sum of $7,500, and the sheriff now holds these funds and refuses to pay to relatrix any portion thereof, because of an outstanding recorded mortgage in the sum of $4,000, etc., in favor of respondent's mother, and the claimed homestead exemption.

The district judge, having made the mandamus peremptory, the respondent has appealed.

The relatrix brought this proceeding on the ground that the inscription of the homestead exemption is null and void and was recorded with the intent to defraud her and her minor child; and that the respondent is not entitled to the homestead exemption claimed because he is not the head of a family and his mother is not his dependent.

The respondent argues that the remedy invoked by the relatrix is improper and cannot be taken where one has another remedy at law; and that the relatrix is seeking by way of a summary proceeding, directed against a public officer, to try an issue of law and fact (respondent's right to claim the homestead exemption) with respondent, against whom no relief is requested. An exception of no right or cause of action was filed by respondent in this Court.

In support of his argument, the respondent, relies upon the case of Raymond v. Villere et al., 42 La.Ann. 488, 7 So. 900. In that case, relator sought by mandamus to compel the Recorder of Conveyances for

Orleans Parish to cancel from his records the inscription showing ownership of real estate in the persons made co-defendants. Relator's contention was that he had formerly owned the property but had transferred it to the City of New Orleans, which property the municipality still owned; that certain judgment creditors of the relator had seized the property and had become the adjudicatees, and that they were in possession and enjoying the revenues therefrom; that the sales made to the parties co-defendant were absolute nullities, since the property sought was publicly recorded in the name of the City of New Orleans. The Court stated:

"It is manifest that, from his own statements, the plaintiff has no interest, and discloses no cause of action, as he had ceased to be the owner, and is vested with no mandate to champion the rights of the city, which, if they be trodden upon, will have the privilege of revendication."

The Court further stated that, even if the relator had some interest, his action was palpably one in disguise, to cancel the title standing in the name of others to real estate upon which the court would necessarily have to pass, for the inscription could not be cancelled unless the titles were previously pronounced bad, and held that

"Ingrafting ordinary suits, in which titles to real estate are involved, on a summary proceeding against an officer to require the execution of a ministerial duty, is not allowable. * * *"

The foregoing case has no application to the one presently being considered by us because *the title to real estate is not involved, and the wife and child, as seizing creditors, have a real interest in the suit—* the cancellation of the inscription against the property—as it is because of the recordation of the claimed homestead exemption their rights as seizing creditors would be defeated because the remaining proceeds from the sale of the property would not be sufficient to satisfy their judgments.

The question presented appears to be res nova—may a divorced wife, a judgment creditor of her husband (for past due alimony for support of herself and their minor child), invoke mandamus proceedings against the Clerk of Court and Ex-officio Recorder of Mortgages and Registrar of Conveyances, and her former husband, attacking the validity of a homestead declaration filed by her ex-husband (the inscription of which was allegedly made to prevent her recovery of a part of the proceeds of the sale of the husband's property in satisfaction of her judgment) on the ground that the divorced husband was not entitled to the homestead exemption.

Article 841 of the Code of Practice reads:

"The court to which the complaint is addressed, if it thinks there is ground for interposing its authority, shall issue an order, addressed to the party or to the inferior judge against whom the complaint is made, by which he shall be directed to do what has been demanded of him, or show

cause to the contrary, within a certain time after the service of the order, to be fixed by the court."

The district court, in this instance, ordered the recorder and the respondent to cancel the inscription of the declaration of homestead, or to show cause why it should not be cancelled. If respondent or the recorderer gave sufficient reasons why the inscription should not have been cancelled, the relatrix' complaint should have been dismissed, according to the provisions of Article 842 of the Code of Practice, which provides:

"If, on the day assigned for answering the order, the party or judge to whom it is directed answers and states sufficient reason to justify his conduct, the complaint shall be dismissed, and the petitioner sentenced to pay costs."

The value of the remedy of mandamus in the instant case is wholly dependent upon the fact of the granting of the relief where the codal provisions are fairly interpreted, and justly, with an even hand, fully and fearlessly enforced.

Article 830 of the Code of Practice provides, in part:

"The object of this order is to prevent a denial of justice, * * * and it should therefore be issued in all cases where the law has assigned no relief by the ordinary means, and where justice and reason require that some mode should exist of re-dressing a wrong, or an abuse of any nature whatever."

From this article of the Code, it would seem that the lawwriters had in mind cases of the identical factual situation as we have here.

Article 831 of the Code of Practice provides, in substance, that the judge may, in his discretion, issue a writ of mandamus, even when the complainant has other means of relief, "if the slowness of ordinary legal procedure would be likely to cause such delay as to hamper the administration of justice." If these proceedings had to follow the course of an ordinary suit, wrong and injustice might be perpetrated upon the minor child and her mother.

In reviewing prior jurisprudence established by this Court, we find State ex rel. Brenner v. Noe, 186 La. 102, 171 So. 708, 712, where a mandamus proceeding was taken to compel the Governor to cancel two certain mineral leases executed and covering the water bottoms of lands in Caddo and Bossier Parishes, and also to execute a mineral lease of the lands of the relator. Coupled with the mandamus proceeding was an action of nullity, whereby the relator sought to have the two leases declared null. The Court sustained the exception of improper cumulation of actions; the writ of mandamus "being summary in its nature, no citation issues and the liti-

gant must file his answer with his exceptions on the return day fixed by the court, unless granted further time to plead. Shaw v. Howell et al. 18 La.Ann. 195; State ex rel. Louisiana Trust & Savings Bank v. Board of Liquidation of State Debt et al., 135 La. 571, 65 So. 745. On the other hand, the suit to cancel a contract affecting realty, as in the case at bar, must be by the ordinary action, necessitating citation and service of process and the ordinary legal delays. Calcasieu Building & Loan Ass'n v. Goudeau et al., 182 La. 247, 161 So. 599, and cases therein cited."

■ In State ex rel. Macheca v. Dunn, Recorder of Mortgages, et al., 148 La. 460, 87 So. 236, 241, an uncertified copy of a New York judgment for alimony had been recorded by Mrs. Macheca, accompanied by her affidavit alleging that the judgment had been rendered. Mr. Macheca, by mandamus, sought to compel the recorder of mortgages to cancel the inscription of this instrument from the records of that office, which inscription operated as a judicial mortgage against him. In holding that the appellant was entitled to the relief prayed for, the Court stated:

"It is well settled that mandamus is the proper remedy for compelling the recorder to cancel an illegal or unauthorized inscription purporting to operate as a mortgage. Savage v. Holmes, 15 La.Ann. 334; State ex rel. Deblieux v. Recorder, 25 La.

Ann. 61; Lanaux v. Recorder of Mortgages, 36 La.Ann. 974; State ex rel. Busha's Heirs v. Register, 113 La. [93] 98, 36 So. 900.

■ In Savage v. Holmes, Recorder of Mortgages, et al., 15 La.Ann. 334, plaintiff had entered into a written contract with a builder for the erection of a house. Upon the completion of half the work (installment payments having been made as the work progressed) the builder defaulted and left the State. The plaintiff, being without means to pay for the additional cost of completing the building, applied to the Recorder of Mortgages to cancel and erase the inscription of the building contract, so she could effect a loan by mortgaging the property. Judgment was rendered ordering the erasure of the building contract but appellants (who evidently were creditors) sought its reversal on numerous grounds. In holding that mandamus was the proper remedy to compel a ministerial officer to perform a purely ministerial act, the Court stated:

"Numerous cases in this court, as well as the daily practice of the District Courts, might be referred to in support of the summary remedy by rule or mandamus, to compel the Recorder of Mortgages to erase inscriptions. All that the courts require in such cases is, that the parties in interest should have notice of the application, in order that their rights, may be protected.

"The plaintiff, by her petition, asks for nothing but the erasure of the inscription of the contract. Her remedy is against the Recorder of Mortgages to compel that officer to perform a purely ministerial duty. True, she gives notice of the application to all those who have, or pretend to have, an adverse interest, but she makes no demand of them, and asks for no judgment against them.

"Mandamus is the proper remedy to compel a ministerial officer to perform a purely ministerial act."

■ It is observed that in most cases under our jurisprudence where mandamus is sought for the erasure of an inscription, the inscription operates as a cloud on the title to the property involved. While this is not true in the case under consideration, nevertheless, mandamus is the proper remedy to compel the ministerial officer to perform a purely ministerial act. However, in order for the Court, in this case, to order this purely ministerial act performed, we must first determine whether respondent is entitled to the homestead exemption.

The pertinent language of Article 11, Section 1 of the Constitution of 1921, relating to "homestead exemptions," provides that " * * * every head of a family, or person having a mother or father or a person or persons dependent on him or her for support," is entitled to the right to claim the benefits thereof.

■ All expressions of the Court on "homestead exemptions" are to the effect that the exemption is granted not so much in favor of the head of the family as in favor of the dependent members thereof. The exemption of homestead rests upon the obligation to support the person to whom support is due and that is a higher obligation on the part of the debtor than the payment of his debts. The object is to secure a home beyond the reach of financial misfortune, around which gathers the affection of the family, the greatest incentive to virtue, to honor, and to industry. Hebert v. Mayer and Sheriff, 48 La.Ann. 938, 20 So. 170. "The exemption of the homestead from seizure is a law of public policy in our Constitution. * * * If the constitutional requirements could be obviated by disguising an act of mortgage in the form of a sale with the right of redemption, these provisions enacted for the protection of the dependents of every head of a family might as well have been omitted from the Constitution." Becker v. Hampton, 137 La. 323, 68 So. 626, 628.

■ An examination of the evidence herein is conclusive as to the finding of fact by the district judge that "Respondent, Harry E. Code, sets out that his mother is residing with him and is depending upon him for support. All of the evidence tends to show the contrary. He was depending upon his mother for support rather than he supporting her."

The summary method by which the district judge disposed of this case was proper and in accordance with law.

Judgment affirmed; respondent-appellant to pay all costs.

O'NIELL, C. J., takes no part.