HOOD, Judge.
This is a petitory action instituted by Herrod Guillory against Anatole (Nat) Desormeaux in which the plaintiff claims the ownership of a tract of land, with improvements, which is in the possession of defendant. Defendant answered denying that plaintiff owns the property, and he also filed a reconventional demand seeking, in the alternative, to recover the value of the improvements which had been placed on the property. In response to this recon-ventional demand plaintiff filed a number of exceptions, including an exception of no right and no cause of action based in part on allegations that the indebtedness of the decedent’s separate estate to the community has been extinguished by confusion.
A trial was held first on plaintiff’s principal demand, and following that trial judgment was rendered on April 9, 1963, in favor of plaintiff decreeing him to be the owner of the property in dispute. A hearing was then held on the exception of no right and no cause of action which had been filed to the reconventional demand, and thereafter, judgment was rendered by the trial judge on February 13, 1964, in favor of Guillory and against Desormeaux, maintaining the exception and rejecting and dismissing the latter’s reconventional demand for the enhanced value of the property. Defendant Desormeaux has appealed from this last-mentioned judgment.
On this appeal defendant does not question the correctness of the earlier judgment rendered by the trial court which recognizes plaintiff as the owner of the property here in dispute. He does contend, however, that the trial judge erred in rejecting and dismissing his reconventional demand for the amount by which the value of the property has been enhanced as a result of the improvements.
The subject property consists of two lots in the Town of Mamou, Evangeline Parish, Louisiana. These two lots were acquired by Hattie Guillory prior to her marriage to defendant, and thus they were her separate property. Hattie Guillory married defendant Desormeaux in 1938. She died intestate on May 12, 1960, leaving no ascendants or descendants, her sole surviving heirs being one brother, the plaintiff in this suit, and her surviving husband, who is the defendant.
After the death of Hattie Guillory the defendant Desmoreaux, pursuant to pleadings filed by him in the district court, obtained an ex parte judgment recognizing him as the owner of all of the property left by the decedent, including the two *577 lots in controversy here, and placing him in possession of that property.
After the above-mentioned judgment had been rendered placing defendant in possession of the property left by decedent, this petitory action was instituted. In this proceeding plaintiff Guillory alleges that the two lots here in dispute belonged to the separate estate of the decedent, that the deceased left no surviving ascendants or descendants, and that he, as her brother, is the sole surviving heir to her separate estate. The trial court held that the property here in dispute belonged to the separate estate of the decedent, and that under the provisions of LSA-C.C. Article 912 plaintiff was entitled to the ownership of the separate property left by her. Judgment was rendered, therefore, decreeing him to be the owner of the two lots in controversy here.
Defendant Desormeaux in the reconven-tional demand which he filed in this proceeding, alleges that after his marriage to the decedent in 1938 a number of improvements, including a house and two outbuildings, were constructed on the two lots which his wife had previously acquired, and that these improvements were constructed by defendant with community funds during the existence of the community. He contends that in the event plaintiff is decreed to be the owner of the two lots, then under the provisions of Article 2408 of the LSA-Civil Code he is entitled to recover from plaintiff Guillory the amount by which the value of the two lots was enhanced by the improvements. For the purpose of considering the exception of no cause of action, we assume that all of the allegations contained in the re-conventional demand are true.
Although plaintiff Guillory inherits all of the separate property left by the decedent, defendant Desormeaux, as the surviving spouse of the decedent, inherits all of her share of the community property. LSA-C.C. Articles 912 and 915. Desormeaux argues that he, as sole heir of the community estate left by the decedent, is entitled to recover from Guillory, the sole heir of her separate estate, the amount by which the separate estate has been enhanced in value by the community-financed improvements. Guillory resists the recon-ventional demand of defendant on the ground that since Desormeaux has unconditionally accepted the decedent’s succession he became obligated to pay the debts of the succession, that he now occupies the position of debtor and creditor of the succession, and that the debt owed by the decedent’s separate estate to the community for the enhanced value thus has been extinguished by confusion.
The trial judge concluded that the defendant, in accepting the decedent’s succession unconditionally, became both debtor and creditor and that any indebtedness which the decedent’s separate estate may owe to the community has been extinguished by confusion.
We agree with the trial judge that under the provisions of Article 2217 of our Civil Code an obligation is extinguished by confusion when the qualities of debtor and creditor are united in the same person.
It is settled that an heir who accepts a succession unconditionally, that is, without the benefit of inventory, thereby binds himself for the debts or obligations of the deceased person the same as if he himself had contracted them. LSA-C.C. Articles 1013, 1056 and 1423; Lawrence v. Lawrence, 172 La. 587, 134 So. 753; Robinson v. Dunson, La.App. 1 Cir., 65 So.2d 643.
In this instance the decedent, Hattie Guillory left an estate consisting partly of community property and partly of separate property. Her separate estate is inherited by brother, the plaintiff in this suit, and her community estate is inherited by her surviving husband, the defendant. Both of these heirs have accepted her succession *578 unconditionally. Defendant accepted it by instituting- proceedings in the district court which resulted in a, judgment placing him in possession of all of the decedent’s property. Plaintiff Guillory accepted her succession unconditionally by instituting this suit and obtaining a judgment decreeing him to be the sole heir of the decedent’s separate estate and placing him in possession of the two lots here in controversy. LSA-C.C. Article 988; Bradford v. Ducote, La.App. 2 Cir., 49 So.2d 64; Soule v. West, 185 La. 655, 170 So. 26; Grilling v. Taft, 151 La. 442, 91 So. 832.
Article 1056 of the Civil Code provides that if the heir accepts the succession simply “all the effects which compose it must immediately be delivered to him, but then he becomes responsible for the debts of the succession.” Here, of course, defendant Desormeaux was entitled to have only the effects of the community estate delivered to him, while plaintiff Guillory was entitled to have the effects of the separate estate delivered to him.
Article 2408 of the LSA-Civil Code provides :
“When the separate property of either the husband or the wife has been increased or improved during the marriage, the other spouse, or his or her heirs, shall be entitled to the reward of one half of the value of the increase or ameliorations, if it be proved that the increase or ameliorations be the result of the common labor, expenses or industry; but there shall be no reward due, if it be proved that the increase is due only to the ordinary course of things, to the rise in the value of property, or to the chances of trade.”
Under the provisions of this article of the Civil Code, when the community is dissolved by the death of one of the spouses the surviving spouse is entitled to recover from those who inherit the separate estate of the decedent at least a part of the amount by which the separate property has been increased in value as the result of the common labor, expenses or industry of the spouses. In Re Succession of Rusciana, La.App. 1 Cir., 136 So.2d 509; Succession of Singer, 208 La. 463, 23 So.2d 184; Payton v. Jones, La.App.Orl., 38 So.2d 631; Peters v. Klein, 161 La. 664, 109 So. 349; Smith v. Garrison, La.App. 3 Cir., 137 So.2d 505.
According to the allegations contained in the reconventional demand, the defendant, as owner of one-half the property constituting the community estate and as sole heir of the decedent’s remaining half of that estate, is entitled to be reimbursed by the owner of the separate estate for the enhancement in value of the separate property resulting from the community-financed improvements, unless his claim actually has been extinguished by confusion, as contended by plaintiff. The question is squarely presented, therefore, of whether defendant Desormeaux, by accepting his deceased wife’s succession unconditionally under the circumstances presented here, has extinguished by confusion the claim which he had for the enhancement in value of her separate property.
We have been referred to no other cases in which this question has been considered. We think, however, that when a person dies intestate leaving both a separate estate and a community estate, with different heirs inheriting each of those estates, and he leaves a debt owed solely by his separate estate to the community, then, as between those heirs, only the heir or heirs who inherit his separate estate and who accept his succession unconditionally become obligated to pay that debt. The heir or heirs of only the community estate, by accepting his succession unconditionally, do not become obligated to pay that particular debt which is owed solely by the separate estate.
If the same person should inherit both the separate and the community prop *579 erty of the decedent, and the separate estate is obligated to reimburse the- community for the enhancement in value of the separate property, as allegedly is the case here, then the qualities of debtor and creditor would become united in the same person and the obligation would be extinguished by confusion. But where the separate' estate is indebted to the community under LSA-C.C. Art. 2408, and these estates are inherited by different persons, then the heir who inherits only the community property does not assume this debt even though he does accept the succession unconditionally.
In the instant case the debt allegedly due by the decedent’s separate estate to the community for the enhancement in value of the separate property is one which is owed only by the separate estate. Defendant Desormeaux inherited only the decedent’s interest in the community. In accepting her succession, therefore, Desormeaux did not become obligated to pay this particular debt which was owed by her separate estate to the community, that debt being owed only by plaintiff Guil-lory, who inherited, accepted and was placed in possession of the separate property. The qualities of debtor and creditor did not become united in Desormeaux, and the debt was not extinguished by confusion. For these reasons we think the trial court erred in maintaining the exception of no cause of action and in dismissing the re-conventional demand.
In this case we are concerned only with a claim by one heir against another. No question is presented as to whether the acceptance of the succession by defendant Desormeaux would cause him to be liable for a separate debt which his deceased wife may owe a third party creditor, and we express no opinion as to that question. We simply hold that under the particular facts and circumstances here the defendant in accepting his deceased wife’s succession did not cause his claim for enhancement in value under LSA-C.C. Arti-ele 2408 to become extinguished' by confusion.
For the reasons herein set out, therefore, the judgment appealed from is reversed, and the case is remanded to the trial court for further proceedings consistent with the views herein expressed. The costs of this appeal are assessed to plaintiff-appellee.
Reversed and remanded.