SAMUEL, Judge.
This is a mandamus proceeding seeking cancellation and erasure of a notice of lis pendens from the mortgage records of the Parish of Jefferson. Made respondents are the Clerk of Court, who is ex officio the Recorder of Mortgages and Register of Conveyances, and all of the plaintiffs in the suit in connection with which the notice was filed. The Clerk filed an answer in the form of a general denial. The remaining respondents filed an exception of no cause *571 ■of action, together with various other exceptions which are now considered abandoned by reason of the fact that they have not been urged in argument or brief before this court (Equitable Discount Corp. v. Jefferson Television Sales and Service, La.App., 169 So.2d 567, and cases cited therein), and also answered in the form of a •general denial. After trial, judgment was rendered overruling the exceptions, making the alternative writ of mandamus peremptory and commanding the Clerk to cancel and erase from the records of his office the notice of lis pendens purporting to bear against certain described property owned by the relator. All of the respondents, excepting only the Clerk who has not appealed, have appealed from that judgment.
The suit which provoked this mandamus, I. e., the suit named and described in the notice of lis pendens which the present •mandamus seeks to have cancelled and erased, was filed by a civic association and various property owners against the Jefferson Parish Council, its individual members and others. It challenged a council ordinance changing the restrictive use of a square of ground from R-l Single Family •dwelling to C-2 Commercial and prayed for an injunction prohibiting the officials from ■changing the classification. The relator here is the owner of property included in the area affected by the notice; it was not a party to the original suit.
The exceptions and answers present two issues for our determination: (1) whether this summary proceeding for mandamus is proper; and (2) if mandamus is a proper remedy, whether the notice of lis pendens was illegally or improperly recorded so that its cancellation and erasure must be ordered.
LSA-C.C.P. Arts. 3862 and 3863 provide, in part, that a writ of mandamus may be issued in all cases where the delay in obtaining ordinary relief may cause injustice and that the writ may be directed to a public official to compel the performance of a ministerial duty required by law. It has long been our settled jurisprudence that mandamus is a proper remedy for compelling a recorder of mortgages to cancel or erase an illegal or unauthorized inscription; indeed, this is a typical, and probably the most frequent, use of the writ against a public officer. LSA-C.C.P. Art. 3863, Comment (a); State ex rel. Code v. Code, 215 La. 485, 41 So.2d 62; Cappel v. Hundley, 168 La. 15, 121 So. 176; State ex rel. Macheca v. Dunn, 148 La. 460, 87 So. 236; State ex rel. Deblieux v. Recorder of Mortgages, 25 La.Ann. 61; Savage v. Holmes, 15 La.Ann. 334; State ex rel. Henry v. 8-Mile Post Plumbing Supplies, La.App., 63 So.2d 749; State ex rel. Gervais v. Williams, 3 La.App. 479; State ex rel. Liuzza v. Sims, 1 La.App. 487.
We believe it to be quite clear that injustice may be caused relator by the delay involved in obtaining the relief it seeks by ordinary means. What this court said in State ex rel. Henry v. 8-Mile Post Plumbing Supplies, supra, 63 So.2d at page 751 is particularly apropos:
“Since the illegal or improper recor-dation of a lien will hamper the property owner in efforts to encumber or dispose of his property on which the lien is claimed, it follows that the administration of justice would suffer if the owner of property should be required in all such cases to await the outcome of litigation 'by the ordinary means.’ * * * ”
The fact that other parties additional to the recorder are respondents in this suit for mandamus, or are given notice by service of process of the application for mandamus, is of no importance since the only demand made is against the recorder. On this subject the Supreme Court of Louisiana said in State ex rel. Code v. Code, supra, at pages 494, 495 of the Louisiana Report and page 65 of the Southern Reporter, itself quoting from Savage v. Holmes, supra:
“ ‘Numerous cases in this court, as well as the daily practice of the Dis *572 trict Courts, might be referred to in support of the summary remedy by rule or mandamus, to compel the Recorder of Mortgages to erase inscriptions. All that the courts require in such cases is, that the parties in interest should have notice of the application, in order that their rights, may be protected.
“ ‘The plaintiff, by her petition, asks for nothing but the erasure of the inscription of the contract Her remedy is against the Recorder of Mortgages to compel that officer to perform a purely ministerial duty. True, she gives notice of the application to all those who have, or pretend to have, an adverse interest, but she makes no demand of them, and asks for no judgment against them.
" ‘Mandamus is the proper remedy to compel a ministerial officer to perform a purely ministerial act.’ ”
Having decided that mandamus is a proper remedy in the instant case, we must now determine whether the notice of lis pendens sought to be erased was illegally or improperly recorded. The only authority for such recordation is to he found in LSA-C.C.P. Art. 3751, which provides:
“The pendency of an action or proceeding in any court, state or federal, in this state affecting the title to, or asserting a mortgage or privilege on, immovable property does not constitute notice to a third person not a party thereto unless a notice of the pendency of the action or proceeding is made, and filed or recorded, as required by Article 3752.”
As appellants malee no claim that their suit against the Jefferson Parish Council and others asserts a mortgage or privilege on immovable property, the filing of their notice of lis pendens was an unauthorized inscription and must be ordered cancelled and erased unless the suit against the Council “affected the title to” immovable property within the meaning of those words as used in the above quoted Article 375L We are satisfied that such is not the case. Appellants make no claim of ownership in the immovable property belonging to relator in th^ square covered by the ordinance-changing the zoning classification. No-claim or dispute as to the title to any immovable property is even remotely involved. The purpose of Article 3751 is to provide a means, the filing of a notice of the pendency of an action, by which a party to that action may preserve his rights, during the pendency of the suit, to immovable property on which he asserts a mortgage or privilege or to which title is affected by the action. No such purpose can be served by the filing of lis pendens in the instant case. Respondents’ suit against the Council and others is concerned only with zoning and an alienation of relator’s property legally cannot prejudice that suit, or respondents’ rights therein, in any way.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.