SAVOY, Judge.
Plaintiff filed a petition coupled with a rule to show cause why Notice of Lis Pendens on certain immovable property should not be cancelled from the mortgage records of Evangeline Parish. After a hearing on the rule, the district judge made it absolute and decreed that the Notice of Lis Pendens filed by defendant be cancelled from the records. Defendant appeals.
In the case of Guillory v. Desormeaux (La.App., 3 Cir., 1964), 166 So.2d 575, involving the same parties as the instant case, plaintiff brought a petitory action alleging ownership of certain real property. Defendant answered, alleging his ownership of the property, and filed a reconventional demand alleging that if plaintiff were decreed to be the owner of the property, defendant was entitled to recover from him the value of the improvements he had placed *457 on the property. Guillory filed an exception of no cause or right of action to this reconventional demand. The trial court rendered judgment for plaintiff in the peti-tory action, decreeing Guillory to be the sole owner of the real property, and it sustained the exception which plaintiff had filed to the reconventional demand. On appeal, we affirmed that portion of the district court judgment which decreed plaintiff to be the owner of the real property, but we reversed the judgment insofar as it maintained the exception to the reconventional demand, and we remanded the case to the trial court for hearing on the merits of the reconventional demand. While the action was pending in the district court, defendant filed the Notice of Lis Pendens which is at issue in the instant case.
.Plaintiff contends that the judgment on the petitory action is now final, and that the judgment of this Court ordered the cancellation of the Notice of Lis Pendens in accordance with LSA-C.C.P. Article 3753. Defendant contends that his reconventional demand is a claim affecting the title to, or asserting a mortgage or privilege on, immovable property. Defendant further contends that he had made a loan on the property from the St. Landry Homestead Association, and that he had made certain payments on the loan; that since the institution of this suit, the improvements on the property have been destroyed by fire and the insurance company insuring the premises pa-id the remainder of the indebtedness; that the premium on this insurance was paid by defendant and the policy was in his name; and that he was thereby subrogated to the claim and lien of the St. Landry Homestead Association.
The articles of the Louisiana Code of Civil Procedure dealing with the Notice of Lis Pendens read as follows:
LSA-C.C.P. Article 3751:
“The pendency of an action or proceeding in any court, state or federal, in this state affecting the title to, or asserting a mortgage or privilege on, immovable property does not constitute notice to a third person not a party thereto unless a notice of the pendency of the action or proceeding is made, and filed or recorded, as required by Article 3752.”
LSA-C.C.P. Article 3752:
“The notice referred to in Article 3751 shall be in writing, signed by the plaintiff, defendant, or other party to the action or proceeding who desires to have the notice recorded, or by a counsel of record for such party, showing the name of the court in which the action or proceeding has been filed, the title, docket number, date of filing, and object thereof, and the description of the property sought to be affected thereby.
“This notice shall be recorded in the mortgage office of the parish where the property to be affected is situated, and has effect from the time of the filing for recordation.”
LSA-C.C.P. Article 3753:
“When judgment is rendered in the action or proceeding against the party who filed the notice of the pendency thereof, the judgment shall order the cancellation of the notice at the expense of the party who filed it, and as part of the costs of the action or proceeding.”
 Defendant’s action for the value of improvements which he placed on decedent’s property does not affect title to immovable property, nor does it assert a mortgage or privilege thereon. A mortgage is stricfi juris, since “(t)he mortgage only takes places in such instances as are authorized by law.” LSA-C.C. Art. 3283.
Defendant’s contention that he was subrogated to the lien or mortgage of the St. Landry Homestead Association also is without merit. The debt which was *458 secured by the mortgage was incurred during the marriage, and it thus was a community debt, even though the proceeds of the loan were used to improve the decedent’s separate property, and despite the fact that the debt was secured by mortgage on her separate property. Since Desormeaux inherited all of the community estate, he acquired this debt as a part of the community, and he became the debtor of the homestead association. And further, since the indebtedness allegedly was paid from community funds which he inherited, he simply used his own funds to pay a debt which he owed. Under those circumstances, it is clear that the principal obligation to the St. Landry Homestead Association was extinguished by that payment. The debt was not owed by the separate estate of Mrs. Desormeaux, even though her separate property was mortgaged to secure it, and thus no legal subrogation could have taken place in favor of Desormeaux or the community and against her separate estate for any payments which may have been made on such an indebtedness.
The mortgage held by St. Landry Homestead Association was merely an accessory to the principal obligation, and when the principal debt was extinguished, the mortgage disappeared with it. LSA-C. C. Art. 3284 provides:
“The mortgage is accessory to a principal obligation which it is designed to strengthen, and of which it is to secure the execution.”
LSA-C.C. Art. 3285 provides:
“Consequently, it is essentially necessary to the existence of a mortgage, that there shall be a principal debt to serve as a foundation for it.
“Hence it happens, that in all cases where the principal debt is extinguished, the mortgage disappears with it. * * ”
We agree with the trial judge that under the circumstances presented here, Desor-meaux’s claim against Guillory does not affect the title to the property which Guillory inherited from the decedent, nor does De-sormeaux have a mortgage or privilege on such property. The trial court, therefore, properly ordered the cancellation of the Notice of Lis Pendens.
For the reasons herein assigned, the judgment of the district court is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.