MILLER, Judge.
Respondent Charles W. McCain appeals the trial court’s mandamus which directed W. A. Book, Clerk of Court to cancel an affidavit from the Conveyance Records of Catahoula Parish. McCain’s affidavit claimed that he held an option to purchase some 6,000 acres from Commercial Farms, Inc., the relator. The affidavit did not specify the dates during which the alleged option could be exercised, the price to be paid for the acreage, or the consideration given for the alleged option. The Clerk of Court was also named as respondent. He did not appeal the judgment ordering him to cancel the affidavit, so the judgment is final as to him. We affirm.
McCain limits his specification of error to a contention that he was not afforded sufficient time to plead before the writ for mandamus was tried and decided.[1] There is no contention or theory suggested to show that the trial court’s judgment is erroneous on the merits.
The delays granted by the trial court to answer the petition for the writ of mandamus (from August 29 to September 7) were at the end of the limits authorized by LSA-C.C.P. Art. 3862. It was established at the September 7 hearing that the delays involved in obtaining ordinary relief would cause injustice to relator. There was no error in the trial court’s refusal to grant additional time to McCain’s curator ad hoc to answer the petition for the writ of mandamus.
*515 McCain resides in the State of Mississippi. On July 10, 1972 he filed an affidavit in the Conveyance Records of Catahoula Parish stating that he held an option to purchase certain described tracts containing some 6,000 acres belonging to Commercial Farms, Inc. The affidavit stated that the option was being held in trust by the President of the Bank of Jena.
Commercial Farms demanded that McCain strike the affidavit from the Conveyance Records. When he failed to comply by August 28, 1972, Commercial Farms filed for a writ of mandamus directed to the Catahoula Clerk of Court and to McCain. The petition was served on both the Clerk of Court and a Curator ad hoc, an attorney appointed to represent the absent respondent McCain. Each respondent was ordered to cancel the McCain affidavit or to show cause to the contrary on September 7, 1972 at 10:00 a. m. At the appointed time, the Clerk of Court filed a general denial as an answer and the Curator ad hoc filed a motion for an extension of time within which to plead, alleging that he was unable to reach McCain and did not have time to properly and adequately represent the absentee McCain.
Pretermitting the issue of the validity of the option contract, there was nothing stated in McCain’s recorded affidavit to establish that the option was effective as of the July 10th date of recordation. No law or jurisprudence was cited to the trial court and none has been cited to this date, to suggest that the McCain affidavit was the type instrument which should be recorded in the Conveyance Records by the Clerk of Court. The trial court was manifestly correct in ordering the Clerk of Court to cancel and remove McCain’s affidavit from the Conveyance Records of Catahoula Parish.
The inscription of McCain’s affidavit operated as a cloud on the title of Commercial Farms’ property. Mandamus is the proper remedy for compelling the recorder to cancel an illegal or unauthorized inscription purporting to operate as a mortgage. State v. Code, 215 La. 485, 41 So.2d 62, at 64 (1949), and cases therein cited. The same rule applies to an illegal or unauthorized inscription. See LSA-C.C.P. Art. 3863, comment (a).
A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. LSA-C.C.P. Art. 3863.
The trial court judgment is affirmed. Costs are assessed to appellant.
Affirmed.

. State v. Gayle, 8 So.2d 315 (La.App. 2 Cir. 1942), holds that the recorder is the only necessary party respondent. Although McCain did not attempt to distinguish this case, we pretermit relator’s contention that McCain is not a necessary party.