342 So.2d 263 (1977)
Clarence O. DUPUY, Jr.
v.
Francis J. DEMAREST, Recorder of Mortgages and Milton E. Dupuy.
No. 8156.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1977.
Rehearing Denied February 15, 1977.
Writ Refused April 6, 1977.
Garon, Brener & McNeely by Milton E. Brener, Arthur L. Ballin and James G. Dalferes, New Orleans, for Clarence O. Dupuy, Jr., plaintiff-appellee.
Henican, James & Cleveland, C. Ellis Henican, Jr., Carl W. Cleveland, New Orleans, for Milton E. Dupuy, defendant-appellant.
Before BOUTALL, SCHOTT and BEER, JJ.
BOUTALL, Judge.
Defendant suspensively appeals a judgment of the trial court that ordered, after a mandamus proceeding, the cancellation of the recordation of a judgment bearing against the real property of the plaintiff Clarence O. Dupuy.
A history of the litigation surrounding this case is necessary to place the proceeding now before us on appeal in the proper light.
On March 5, 1976, a judgment in the amount of $905,000 was entered pursuant to a jury verdict in favor of Milton E. Dupuy against Clarence O. Dupuy in the United States District Court, Eastern District of Louisiana. Subsequent to that, Clarence O. Dupuy filed a motion for stay of execution *264 and on March 15, 1976 the trial judge of the U.S. District Court signed an order of stay of execution of any proceeding to enforce the judgment entered, pending disposition of the motions for judgment notwithstanding the verdict and for new trial, filed by Clarence O. Dupuy. On March 24, 1976, Milton Dupuy caused the judgment of March 5 to be recorded in the Mortgage Office of Orleans Parish. On June 16, 1976, judgment notwithstanding the verdict was granted by the trial judge in U.S. District Court giving judgment in favor of Clarence Dupuy and against Milton Dupuy, dismissing plaintiff Milton Dupuy's suit at his cost, and granting Clarence Dupuy's alternative motion for new trial. Rule 50(c)(1) of the Federal Rules of Civil Procedure.
From the record we find no appeal, taken from that judgment signed June 16, 1976, to the United States Court of Appeals Fifth Circuit.
On July 16, 1976 Clarence Dupuy instituted this mandamus proceeding in Civil District Court for the Parish of Orleans, State of Louisiana, seeking the cancellation of the alleged wrongful recordation and requesting an award of attorney's fees. The trial court ordered the cancellation of the inscription, but the judgment made no mention of attorney's fees. No appeal or answer has been filed by this appellee in regard to the denial of attorney's fees. Therefore, on appeal we deal only with the issue of the correctness of the trial court's order cancelling the inscription.
Appellant Milton Dupuy argues that the trial court erred in applying the Louisiana procedural principles and jurisprudence to a case in the United States District Court. Appellant argues that the stay order of the U.S. District Court did not affect his recordation because recordation is not a step in the execution of a judgment under the Federal Rules of Civil Procedure. Appellant argues that a writ of execution is necessary under the Federal Rules to constitute an attempt to execute a judgment and appellant notes that no such writ was sought in this case.
Appellee Clarence O. Dupuy points that under Rule 69(a) Federal Rules of Civil Procedure, the procedure for execution of judgments is to be in accordance with the practice and procedure of the state in which the U.S. District Court is held.[1] Under Louisiana jurisprudence the recording of a judgment on the mortgage records so as to create a judicial mortgage,[2] is, to that extent, an execution of the judgment. State v. Dunn, 148 La. 460, 87 So. 236 (1921); D'Arbonne Sewerage, Inc. v. Sanders, La.App., 255 So.2d 855 (1971).
We agree with appellee's argument that the effect of a recordation is the effect given by the state in which the U.S. District Court sits. 28 U.S.C.A. § 1962, L.R.S. 13:4204; Ward v. Chamberlain, 2 Black (67 U.S.) 430, 17 L.Ed. 319 (1863); Clements v. Berry, 11 How. (52 U.S.) 398, 13 L.Ed. 745 (1850); Baker v. Morton, 12 Wall (79 U.S.) *265 150, 20 L.Ed. 262 (1874); Williams v. Banana Distributing Company, 59 F.2d 645 (1939).
From the record we note that the stay order was in effect at the time the act of recordation occurred, March 24, 1976. While the recordation seems to be in violation of the stay order, the interpretation of that issue is a matter for the court that issued the stay order to decide. What is basically at issue here is that the second judgment of the U.S. District Court, that is, the judgment notwithstanding the verdict, rendered the first judgment (entered in compliance with the jury verdict) null and ineffective. Appellant Milton Dupuy cannot now attempt to use state law and state process to give effect to a judgment where such effect would not be countenanced under Federal Law.
It is contended that the state court should not make a determination of the appropriateness and validity of the recordation because of the principle of comity between the federal and state courts. The state courts should refrain from exercising jurisdiction over a matter already the subject of decrees of the federal courts.
Contrary to appellant's contention, comity is not an issue in this proceeding. We do not have in this case before us the question of a state court interpreting a federal court judgment. We have before us a state court determination arising out of L.R.S. 13:4204 that it was a violation of state law to make a cancelled federal judgment effective as a judicial mortgage, just the same as the state process could not be used to make a cancelled state judgment effective as a judicial mortgage. State v. Dunn, supra; D'Arbonne Sewerage, Inc. v. Sanders, supra. Mandamus is the proper remedy for compelling the Recorder of Mortgages to cancel an illegal inscription purporting to act as a judicial mortgage. Realsco, Inc. v. Green Acres Civic Association, La.App., 169 So.2d 570 (1964).
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] "RULE 69. Execution. 
"(a) In General. Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. * * *"
* * * * * *
LRS 13:4204 United States courts; recorded judgments as judicial mortgages
"All judgments rendered by United States courts of original jurisdiction in Louisiana, when recorded in the mortgage records of any parish shall rank as judicial mortgages against all of the immovable property of the judgment debtor situated in the parish to the same extent and effect given by Louisiana law to the recorded judgments of the courts of this state."
[2] "Art. 3321. The judicial mortgage is that resulting from judgment [judgments] (whether these be rendered on contested cases or by default, or whether they be final or provisional), in favor of the person obtaining them." 
"Art. 3322. The Judicial Mortgage takes effect from the day the Judgment is recorded in the manner hereinafter directed. (As amended by Acts 1900, No. 78).