COVINGTON, Judge.
Plaintiff comes before this Court seeking the review of a judgment of the trial court ordering the cancellation of a notice of lis pendens which was filed by plaintiff, Eric B. Settoon, Jr., on certain immovable property owned by defendant, Vicki Storer Set-toon, situated in Waterloo Acres Subdivision, Part II, Second Piling, in the Parish of Pointe Coupee, State of Louisiana.
The lis pendens was filed against the subject property when the plaintiff instituted a suit against his wife to obtain from her restitution of monies allegedly advanced by him from his separate estate to defendant, for use by her for the benefit of her separate estate in improving the subject property and in furnishing the house built on the subject property. The defendant denied the allegations, reconvened, and filed a rule, in the nature of a mandamus, to show cause why the lis pendens should not be cancelled. After hearing on the rule, the trial judge rendered judgment ordering cancellation of the lis pendens notice. We affirm.
It is only when the action affects the title to, or asserts a mortgage or privilege on, immovable property that the party claiming or asserting such right is entitled to file a notice of lis pendens. LSA-C.C.P. art. 3751. It is clear that plaintiff’s action, which is allegedly for reimbursement of the value of improvements placed on his wife’s property, does not affect title to immovable property, or assert a mortgage or privilege thereon. We find that the ease of Guillory v. Desormeaux, 179 So.2d 456 (La.App. 3 Cir. 1965), is decisive of this issue. We find nothing in the record from which it can be reasonably concluded that the plaintiff has met any of the requirements of LSA-C.C.P. art. 3751. Realsco v. Green Acres Civic Association, 169 So.2d 570 (La.App. 4 Cir. 1964).
There is also no merit to plaintiff’s contention, asserted for the first time in his brief on appeal, that he was subrogated to the rights of the creditor inasmuch as he has paid off the debt which was secured by the mortgage on defendant’s immovable property. There is neither allegation nor proof of any such claim in the record. The petition merely states that Mr. Settoon advanced monies to Mrs. Settoon which she used to acquire, and later improve, the subject immovable property. There are other irrelevant assertions pertaining to other advances. There is no allegation relating to payment of any mortgage or subrogation to any creditor’s rights. No witness testified at the hearing on the rule. The only reference to a mortgage came in argument to the trial court. Such reference is, of course, not evidence.
We find that plaintiff improvidently filed this notice of lis pendens when there was no lawful basis for doing so. Hence, we affirm the trial court’s judgment ordering its cancellation from the mortgage and conveyance records of the Parish of Pointe Coupee (Mortgage Book 130, Number 99 and Conveyance Book 199, Number 115), as it affects the following described property:
“A certain lot or ground, together with all rights, ways, privileges, servitudes and appurtenances thereunto belonging to in anywise appertaining, situated in WATERLOO ACRES SUBDIVISION PART II, Second Filing, in the Parish of Pointe Coupee, State of Louisiana, which said lot is shown and designated as Lot 41 on the official plat of survey of said subdivision made by Wallace J. Hargrave, C.E. & S., dated November 15, 1973, filed and recorded November 28, 1973, under Entry No. 141 of Conveyance Book 113 of the records of Pointe Coupee Parish, Louisiana.
“Said Lot 41 contains 1.90 acres and has a front of 190 feet on the East right-of-way limits of Bennett Drive by a depth in a general easterly direction of 435.75 feet *636 on its north boundary and 438.77 feet on its south boundary and a width on its rear or east boundary of 190 feet, and is bounded, now or formerly, as follows: West by the East right-of-way limits of Bennett Drive, North by Lot 42 of said subdivision, property of Joseph Didier St. Clergy, Jr., East in part by Lot 53 of said subdivision, property of James L. Moore, and in part by Lot 54 of said subdivision, property of Francis Audley Smith, Jr., and South by Lot 40 of said subdivision, property of Paul R. Kendrick and Patsy Sue Doughty Kendrick.
“Said Lot 41 hereinabove described and herein sold is more fully shown and designated on the aforementioned plat of survey and subdivision to which plat reference is herein made for greater certainty of description.
“Being the same property acquired by vendor herein, Clarence Joseph Aillet, Jr. from Paul R. Kendrick and Patsy Sue Doughty Kendrick, by act of sale dated May 16, 1975, filed and recorded under Entry No. Ill of Conveyance Book No. 123 of the records of Pointe Coupee Parish, Louisiana.
“Said property hereinabove described and conveyed is sold, conveyed and accepted subject to the following:
“1. Reservation of an undivided one-half (V2) of all oil, gas and minerals in and under said property, made by Stephen Gray Langlois, et al in the act of sale to 104 West End Drive, Inc., dated October 27, 1972, filed and recorded under Entry No. 96 of Conveyance Book 107 of the records of Pointe Coupee Parish, Louisiana; said mineral interest being recited herein only as an exclusion from vendor’s warranty and not as an ac-knowledgement thereof, and not with the intention of interrupting of prescription of non-use thereon;
“2. All rights of way, servitudes and/or easements of record affecting said property; and
“3. All restrictions, covenants and building conditions as set forth and fully described in that certain authentic act establishing said WATERLOO ACRES SUBDIVISION (PART II), Second Filing, executed by 104 West End Drive, Inc., said act being dated November 27, 1973, filed and recorded under Entry No. 141 of Conveyance Book 113 of records of Pointe Coupee Parish, Louisiana.”
For the reasons assigned, we affirm at appellant’s costs.
AFFIRMED.