HALL, Judge.
The plaintiff in this mandamus action appeals from a trial court judgment which sustained a dilatory exception to the unauthorized use of summary proceedings and a peremptory exception of no cause of action, and dismissed plaintiff’s suit. We reverse the judgment appealed and remand the action to the district court for further proceedings.
The plaintiff, Jimmy Davis, Inc., filed this summary proceeding against the Clerk of Court and Recorder of Mortgages for Ouachita Parish, Bill C. Downey, and Billy Joe Blanchard, a judgment creditor holding a judicial mortgage against Jimmy L. Davis, Inc., seeking the issuance of a writ of mandamus compelling the clerk to make a notation on the recorded judgment that it does not apply to the property of Jimmy Davis, Inc. and to cancel and erase the judgment insofar as the same may affect any property of Jimmy Davis, Inc. Plaintiff’s petition alleges, as a basis for the requested relief, that the two corporations are separate and distinct legal entities.
The Clerk of Court answered plaintiff’s petition acknowledging the existence of the recorded instrument in question, alleging that it does not purport to affect Jimmy Davis, Inc., and declaring that his office stood ready to comply with any orders rendered by the district court in this matter. The judgment creditor, Blanchard, in addition to the dilatory and peremptory exceptions previously mentioned, in compliance with LSA-C.C.P. Art. 3783, also filed an answer acknowledging the existence of the judicial mortgage and alleging that it does not purport to be against Jimmy Davis, Inc. From the trial court’s judgment sustaining Blanchard’s exceptions and dismissing its suit, the plaintiff appealed.

Exception of Unauthorized Use of Summary Proceedings

The primary issue presented for our resolution is whether or not the extraordinary remedy of mandamus is authorized in this instance. We conclude the issuance of that writ is available to this plaintiff.
*918 A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or in any case where the delay involved in obtaining ordinary relief may cause injustice. LSA-C.C.P. Art. 3862. A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. LSA-C.C.P. Art. 3863. The issuance of a writ of mandamus in those instances necessary to preserve the integrity, reliability and utility of the public records has long been recognized and approved by the courts of this state. State v. Code, 215 La. 485, 41 So.2d 62 (1949); Cappel v. Hundley, 168 La. 15, 121 So. 176 (1929); State v. Dunn, 148 La. 460, 87 So. 236 (1921); Settoon v. Settoon, 413 So.2d 634 (La.App. 1st Cir.1982); American Bank & Trust Co., Etc. v. F & W Const., 357 So.2d 1226 (La.App. 2d Cir.1978); Dupuy v. Demarest, 342 So.2d 263 (La.App. 4th Cir.1977); Gauguin, Inc. v. Addison, 288 So.2d 893 (La.App. 1st Cir.1973); Commercial Farms, Inc. v. McCain, 278 So.2d 513 (La.App. 3d Cir.1973); Executive House Building, Inc. v. Demarest, 248 So.2d 405 (La.App. 4th Cir.1971); Realsco, Inc. v. Green Acres Civic Association, 169 So.2d 570 (La.App. 4th Cir.1964); State v. 8-Mile Post Plumbing Supplies, 63 So.2d 749 (La.App.Orl.1953).
In essence, the plaintiff requests that the recorder note on the face of the mortgage records the separate identities of the similarly-named corporations involved for the purpose of clarification and to prevent any confusion which might arise from examination of the public records. The requested clarifying notation is important in this instance due to the extreme similarity of the corporate names involved and may be classified as the performance of a ministerial duty designed to preserve the integrity, reliability and utility of the public records.
Strictly speaking, the above-cited authorities stand for the proposition that a writ of mandamus will issue to compel the cancellation or erasure of a mortgage or other instrument acting as an illegal or improper encumbrance upon an individual’s immovable property. In such cases the writ issues in furtherance of the clerk’s ministerial duty to properly maintain the public records as set forth in Chapter 2 of Title XXII of Book III of the Revised Civil Code, Arts. 3342-96. Mandamus promotes not only the integrity, reliability and utility of the public records but also the swift cancellation of an improper encumbrance without the injustice necessarily involved in the delays attendant to an ordinary proceeding. While the requested clarifying notation is not strictly a demand for cancellation or erasure, it is analogous in character to such a request and the issuance of a writ of mandamus in this instance furthers the policies and comprehensive ministerial duties of the Clerk of Court and Recorder of Mortgages discussed above.
Implicit in the clerk’s duty to promptly and properly record instruments such as the judicial mortgage here involved is the duty to make notations of identity on the recorded instruments necessary to facilitate the proper examination, use and effect of the public records. Otherwise, the workings of the system whereby individuals are charged with notice under the law of this state are unreasonably hampered. Among the duties of the clerk is the duty to promptly deliver correct certificates of mortgage upon request. LSA-C.C. Arts. 3392 and 3393. The requested notation will no doubt aid in the performance of that ministerial duty.
Whenever the judgment debtor’s identity is questionable and whenever the rights of the judgment creditor might be affected, it is appropriate for the clerk to refuse to make a notation such as that requested in this case without the judgment creditor’s consent, or in the absence thereof, a court order. Upon the clerk’s refusal to perform such a ministerial duty or function, the proper recourse, recognized by numerous prior decisions, is the institution of a mandamus action against the clerk with notice to the judgment or mortgage creditor. Under this expedited procedure, the creditor has ample opportunity to oppose the notation, cancellation, release, or whatever ac *919 tion is sought to be compelled without needlessly subjecting the party seeking relief to the injustice attendant to the delays necessarily involved in proceeding by ordinary process to clarify the debtor’s identity or to determine the validity or scope of the purported encumbrance.
We hold that the use of mandamus in this instance is authorized because the relegation of the plaintiff to the institution of an ordinary proceeding to obtain the requested relief would cause injustice and the writ is directed to a public officer to compel the performance of a ministerial duty required by law.
Having found that the writ of mandamus lies in this situation, it necessarily follows that the defendant’s dilatory exception to the unauthorized use of summary proceedings is without merit. LSA-C.C.P. Art. 3781 provides that mandamus proceedings may be tried summarily.

Exception of No Cause of Action

Plaintiff’s petition alleges the existence of the judicial mortgage and that the plaintiff is a separate and distinct legal entity from the judgment debtor. Plaintiff’s petition requests that Blanchard be made a party to and given notice of the proceedings, which was done in this case. Plaintiff’s petition concludes with a prayer for relief ordering the clerk to make a notation on the judgment recorded that it does not affect any property belonging to the plaintiff and to cancel or erase the judgment insofar as it affects any of plaintiff’s property.
Here, the exact notation prayed for goes beyond the compulsion of the mere ministerial duty of noting or clarifying the judgment debtor’s identity and is beyond the scope of the clerk’s authority. The notation that the judicial mortgage does not affect the property of another is an act requiring a legal interpretation which the clerk is not authorized to make.
However, it is obvious that the essence of the relief plaintiff seeks is to establish that Jimmy L. Davis, Inc. against whom the recorded judgment was rendered is not the same juridical person as the plaintiff, Jimmy Davis, Inc., and to have the clerk make a notation on the face of the judicial mortgage to that effect. The plaintiff seeks to compel the performance of a ministerial duty by a public officer through the issuance of a writ of mandamus, a cause of action recognized and authorized by our law. Plaintiff has pleaded the existence of the judicial mortgage and the separate identities of the two corporations involved. Upon presentation of sufficient proof or on the basis of the defendant’s admission of separate identity, the plaintiff would be entitled to relief consistent with those allegations of its petition, although not entitled to a notation in the precise language or wording contained in its prayer for relief. LSA-C.C.P. Art. 862. Since the allegations of plaintiff’s petition disclose a cause of action, the trial judge erred in sustaining defendant’s peremptory exception.

Decree

For the reasons assigned, the judgment of the district court sustaining the dilatory exception to the unauthorized use of summary proceedings and the peremptory exception of no cause of action is reversed and the exceptions are overruled. The action is remanded to the district court for further proceedings consistent with the views expressed in this opinion. All costs of this appeal are assessed against defendant-ap-pellee, Billy Joe Blanchard.
Reversed and remanded.